UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

RAYMOND C. PIERCE )
 )
v. ) NO. 2:05-CV-12
 )
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

**MEMORANDUM OPINION**

The plaintiff Raymond C. Pierce has filed a motion for a judgment on the pleadings on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for disability insurance benefits and supplemental security income under the Social Security Act. The defendant has filed a motion for summary judgment.

Mr. Pierce was born in 1962 and was 41 years old at the time of his administrative hearing. [Tr. 44, 279]. He graduated high school and has relevant past work experience as a cook, server, and telemarketer. [Tr. 16, 279]. Mr. Pierce alleges he is disabled as of July 14, 2001, from lower back pain and two back surgeries. [Tr. 16]. Based upon a finding that his severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Mr. Pierce was not disabled as defined by the Social Security Act. [Tr. 19].

Mr. Pierce's testimony was received into evidence at his administrative hearing held on August 5, 2004. [Tr. 279-91]. He last worked in 2001 as a restaurant cook. [Tr. 279]. He has also been employed as a construction worker, roof worker, and telemarketer. [Tr. 280]. Mr. Pierce testified he underwent back surgery in 1992 and recovered well from it. [*Id*.]. He had back surgery again in 2002 but was re-injured the following year in an automobile accident. [Tr. 290]. He continues to have low back pain that radiates down his right leg. [Tr. 281]. Because of the pain, Mr. Pierce has "no activity whatsoever." [*Id*.]. He testified he could only sit, stand, or walk for about 20 to 30 minutes. [Tr. 281-82]. Mr. Pierce did not think he could return to his telemarketer job because he would be unable to walk around frequently to gain some pain relief. [Tr. 282]. He uses a cane for walking. [Tr. 284]. Aside from his back and leg pain, Mr. Pierce does not have any other physical problems that would interfere with his ability to work. [Tr. 285]. The ALJ ruled that Mr. Pierce was not disabled because his severe musculoskeletal impairment was not severe enough for a finding of disability. [Tr. 19]. The ALJ then found he retained the residual functional capacity [RFC] to perform a full range of light work. [Tr. 20]. Given that RFC, Mr. Pierce could perform his past relevant work as a telemarketer. [*Id*.].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Pierce requests a judgment on the pleadings and challenges the ALJ's finding that he could return to his past relevant work as a telemarketer. The ALJ found that Mr. Pierce retained the RFC to perform light work. [Tr. 20]. Since the ALJ found Mr. Pierce's past relevant work as a telemarketer to be sedentary, he could return to it with that RFC. [Tr. 16, 20]. Mr. Pierce mainly contends that he would be unable to sit for long enough periods to perform the job of a telemarketer. However, many physicians found Mr. Pierce would be able to perform at least light work. [Tr. 188-90, 143, 192, 204, 210]. In addition, Mr. Pierce indicated in his initial application and again in April 2002 that standing was his main limitation. [Tr.

3

80, 162]. Also, in April 2002, Mr. Pierce stated that sitting actually helped to relieve some of his pain. Because of the RFC findings of several physicians and Mr. Pierce's own words, the ALJ's decision that Mr. Pierce could perform light work and return to his past relevant work was made with substantial evidence.

Mr. Pierce also claims the ALJ erred in not properly weighing his subjective allegations. He contends the ALJ failed to follow the long-established procedure in the Sixth Circuit for determining whether a claimant's medical condition was severe enough to produce the allegedly disabling pain of which he complained. *McCormick v. Secretary of Health and Human Services*, 861 F.2d 998 (6th Cir. 1988). Despite Mr. Pierce's protestations, the ALJ did just that. The ALJ determined Mr. Pierce engaged in malingering during an RFC evaluation in January 2001, and, even with the malingering, he was found able to perform medium work. [Tr. 18]. In addition, Mr. Pierce did not comply with post-surgery physical therapy requirements. [Tr. 18, 19]. His surgeon found he could perform medium work, so long as he was not required to stand for considerable periods of time. [Tr. 18]. A state agency physician found Mr. Pierce could stand for up to eight hours, and other physicians who evaluated him found he could perform at least light work. [*Id.*]. Based on the above, the ALJ did consider whether Mr. Pierce's medical condition was severe enough to produce the allegedly disabling pain of which he complained.

Finally, Mr. Pierce asks this court for a remand pursuant to 42 U.S.C. § 405 (g) for the consideration of the October 2004 opinion of Dr. Robert Grindstaff, who opined Mr. Pierce could not sit, stand, or walk for an extended period of time. [Tr. 264-66]. This court can remand this case to the Commissioner upon a showing by Mr. Pierce that this new evidence is material to his case and that there was good cause for his failure to include this evidence earlier. 42 U.S.C. § 405 (g). Evidence is new only when it was not in existence *and* not available prior to an ALJ's decision. *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). Evidence is material if there is a reasonable probability the ALJ would have reached a different decision had the additional evidence been presented. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).

This court finds there was not good cause for the failure to include Dr. Grindstaff's opinion in the administrative record. Mr. Pierce claims he could not have submitted this evidence prior to the ALJ's decision because it did not exist. However, it did not exist simply because Dr. Grindstaff had yet to write it. Mr. Pierce only had one visit to Dr. Grindstaff between the time of the ALJ's decision and the time the opinion was written. [Tr. 264-67]. Nothing changed in his condition between those two times. In addition, this allegedly new evidence is almost verbatim of Dr. Grindstaff's progress notes from before the ALJ's decision; therefore it is not material. The ALJ already had access to almost all of the allegedly new evidence. Because

there was not good cause for the failure to submit Dr. Grindstaff's October 2004 opinion and because it is not material, Mr. Pierce's request for a remand is denied.

After careful consideration of the entire record of proceedings related to this case, Mr. Pierce's motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

  ENTER:


            s/Thomas Gray Hull
            THOMAS GRAY HULL
             SENIOR U. S. DISTRICT JUDGE